**RODNEY S. DIGGS, Esq. (SBN 274459)**
Email: RDiggs@imwlaw.com
**KAELIN S. DAVIS, Esq. (SBN 340028)**
Email: KDavis@imwlaw.com
**IVIE McNEILL WYATT PURCELL & DIGGS, APLC**
444 South Flower Street, Suite 1800
Los Angeles, California 90071
Telephone: (213) 489-0028
Facsimile:  (213) 489-0552

Attorneys for Plaintiff, BETHANY FARBER

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY FARBER, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.: 2:22-cv-01173<br>**FIRST AMENDED COMPLAINT**<br><br>1. Violation of Civil Rights: Unlawful Seizure (42 U.S.C. Section 1983 – 4th and 14th Amendment);<br>2. Violation of Civil Rights: Entity Liability (Monell Claim);<br>3. Violation of Civil Rights: Unlawful Arrest (42 U.S.C. Section 1983 – 4th Amendment)<br>4. False Arrest/False Imprisonment in Violation of Penal Code Section 236;<br>5. Violation of Bane Act (Cal. Civil Code section 52.1);<br>6. Intentional Infliction of Emotional Distress;<br>7. Negligence (Violation of Penal Code Section 236);<br>8. Violation of Civil Rights: Cruel and Unusual Punishment (42 U.S.C. Section 1983 – 8th Amendment)<br>9. 42 U.S.C. Section 1983 - Injunctive Relief<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW PLAINTIFF BETHANY FARBER ("Plaintiff") in her COMPLAINT FOR DAMAGES ("Complaint") against DEFENDANTS LOS ANGELES POLICE DEPARTMENT, CITY OF LOS ANGELES, and DOES 1 THROUGH 100, inclusive ("DEFENDANTS" collectively) and allege as follows:

## INTRODUCTION

1.      This in a Complaint for money damages by Plaintiff BETHANY FARBER, arising under Title 42 U.S.C. Section 1983 et seq. for numerous violations of their due process rights under the Fourth and Fourteenth Amendments of the United States Constitution. Plaintiff also brings state law claims for which this Court has supplemental jurisdiction.

2.      Plaintiff seeks damages and declaratory, equitable and injunctive relief to require Defendants to update and properly maintain their warrant depository so that Plaintiff is permanently excluded as the subject of the warrant for which she was arrested, and of any past, current, or future warrants concerning the same suspect. Plaintiff also seeks declaratory, equitable and injunctive relief to require Defendants to update and properly maintain the policies, customs, and procedures for executing warrants likely to result in the wrongful arrest and detention of innocent individuals for a warrant meant for another person.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

1343(a)(3)-(4) because this action is brought to redress deprivations of constitutional rights protected by the Fourth and Fourteenth Amendments to the United States Constitution, and by 42 U.S.C. § 1983. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a).

4.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1)-(2) because Defendants are believed to reside in this judicial district and all incidents, events, and occurrences giving rise to this action occurred in this judicial district.

## PARTIES

5.      Plaintiff BETHANY K. FARBER (hereinafter "MS. FARBER" or "Plaintiff") is a competent woman currently living in the County of Los Angeles, State of California.

6.      At all times relevant herein, Defendant CITY OF LOS ANGELES ("City") was a municipal entity of the State of California.

7.      At all times relevant herein, Defendant LOS ANGELES POLICE DEPARTMENT ("LAPD") was a political subdivision of City responsible for providing law enforcement services for City.

8.      At all times relevant herein, Defendant LOS ANGELES AIRPORT POLICE was a political subdivision of City responsible for providing law enforcement services for City.

9.      Hereinafter Defendant LOS ANGELES POLICE DEPARTMENT and

LOS ANGELES AIRPORT POLICE will be referred to collectively as City Defendants.

10.     Plaintiff is unaware of the true names and capacities of those Defendants named herein as DOE Defendants. Plaintiff will amend this Complaint to allege said Defendants' true names and capacities when that information becomes known to her. Plaintiff is informed, believes, and thereon alleges that these DOE Defendants are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said DOE Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful, or wanton misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek leave to amend this Complaint to set forth said true names and identities of the unknown named DOE Defendants when they are ascertained.

11.     Each of the individual Defendants sued herein is sued both in his or her individual and personal capacity, as well as in his or her official capacity.

12.     Plaintiff is informed, believes, and thereon alleges that at all times herein mentioned, each of the Defendants was the agent and/or employee and/or

4

co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment, and/or conspiracy and with the permission and consent of other co-Defendants.

## **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

13.    The Claim for Damages was timely filed. Pursuant to California Government Code § 910 et. al., MS. FARBER filed a government claim in compliance with the applicable law on or about October 8, 2021. On December 1, 2021, the City of Los Angeles denied Plaintiff's claims.

## **FACTS COMMON TO ALL CAUSES OF ACTION**

14.    Plaintiff is a Caucasian female.

15.    On or about April 16, 2021, Plaintiff was preparing for a trip from Los Angeles International Airport (LAX) to Puerto Escondido, Mexico.

16.    While waiting for her flight at LAX, Plaintiff was stopped by airport Transportation Security Administration (TSA) and was not permitted to board her flight.

17.    Plaintiff was then escorted to a private hallway where she was interrogated and prevented from boarding her flight. Plaintiff calmly and quietly, asked the TSA officers what this was about. However, she was quickly informed that if she made any scene, they would tighten her handcuffs.

18.    Plaintiff was completely ignored and forced to remain silent even

though she knew that this was all a mistake.

19.     While Plaintiff was waiting in a private hallway at LAX, Plaintiff was then handcuffed to a chair in an open area while TSA officers searched her possessions. Then TSA officers confiscated and took control of Plaintiff's belongings including her passport.

20.     Plaintiff was handcuffed to a chair without food or water for more than two hours while in TSA custody and control.

21.     she was informed that she could not board her flight because there was a warrant for her arrest in the State of Texas.

22.     Plaintiff informed the TSA officers who prevented her from boarding her flight that she had never been to Texas, and she certainly was not wanted for any crime there. Plaintiff repeatedly asked the TSA officers to check again, and further informed them that if there was in fact a warrant for her arrest it was identity theft.

23.     Plaintiff was shocked and confused as to why she was unable to board her flight but continued to abide by the TSA officers orders.

24.     While Plaintiff was held by TSA officers, LAPD and/or Los Angeles Airport Police officers approached her and proceeded to arrest her in front of numerous airport staff.

25.     City Defendants wrongfully and unlawfully arrested Plaintiff without confirming her identity or checking her driver's license.

26.   Plaintiff was first taken to booking where LAPD took her photo and fingerprint information.

27.   LAPD then held Plaintiff in jail for the next thirteen (13) days until April 26, 2021.

28.   Plaintiff was informed, believes and hereby alleges that LAPD mistook her for another woman who was also named, Bethany Farber, and had a warrant for her arrest in Texas. Plaintiff and this other woman had nothing in common besides their name. Plaintiff is a young woman with long, blonde hair, while the other woman is older with short brown hair. Furthermore, the warrant was for a woman in the State of Texas and Plaintiff has never been to the State of Texas.

29.   At no time did City Defendants ask Plaintiff for her driver's license, date of birth, age, social security number or any other information which would have proven that Plaintiff did not have any warrant for her arrest in the State of Texas. City Defendants failed to do the bare minimum to confirm Plaintiff's identity. By looking at a picture of Plaintiff and a picture of the other Bethany Farber, City Defendant's would have realized Plaintiff should not have been arrested at all.

30.   Plaintiff first spent a total of four (4) nights at 77th detention center. While LAPD held Plaintiff at 77th detention center, she was finally allowed to make a phone call. Plaintiff called her family to inform them that she was arrested. Immediately, Plaintiff's family started making phone calls, trying to sort things out

between City Defendants and the officials in the State of Texas.

31.    Then on Tuesday, April 20, 2021, Plaintiff was transported to criminal court. Plaintiff spent all day at court with zero fluids.

32.    After spending all day in court, Plaintiff was then sent to Lynwood Women's Jail at around 6:00 p.m. on Tuesday, April 20, 2021.

33.    Despite the stark contrast between Plaintiff and the other Bethany Farber, Plaintiff spent approximately eight (8) nights  and seven days (7) days at Lynwood Women's Jail, located at 11705 South Alameda Street, Lynwood, California 90262.

34.    During Plaintiff's stay at Lynwood Women's Jail, her grandmother found out that she was arrested and unlawfully detained. As a result of this news, Plaintiff's grandmother had a stress induced stoke. Plaintiff was her grandmother's only granddaughter. Plaintiff's grandmother was eighty-eight years old at the time of Plaintiff's wrongful arrest. Plaintiff knew that her grandmother's health was delicate, and her family did everything they could to protect her from illness. Furthermore, Plaintiff's grandmother was the matriarch of Plaintiff's family.

35.    Plaintiff's grandmother never recovered from her stroke and shortly after Plaintiff was released, her grandmother passed away. Plaintiff was very close to her grandmother and as a result suffered extreme emotional distress, anxiety, and mental anguish when she found out her grandmother had a stroke.

36.     Throughout Plaintiff's stay at Lynwood Women's Jail, she was stripped of her privacy, forced to share toilet paper, and forced to share soap. Plaintiff was so cold that she used her hot food to warm herself up, placing it in her sweatshirt to fight off the chill within the jail. Plaintiff saw human feces thrown around and smeared across the walls. Plaintiff never expected to be incarcerated, nor did she ever expect to witness the things herein mentioned that occurred within the walls of Lynwood Women's Jail.

37.     Plaintiff has suffered severe stress, anxiety, emotional injury, and mental anguish. Plaintiff was further humiliated at the airport, at the jail and when she eventually was able to tell her family what happened.

38.     Plaintiff was in complete and utter shock that she was arrested. Plaintiff is and was at all times relevant a good citizen, she never did anything wrong and was very confused as to why she was being held in jail without bail.

39.     The Defendants did not and could not have relied on legitimate information to arrest Plaintiff. Upon information and belief, said Defendants acting under color of law intentionally and/or recklessly arrested Plaintiff without confirming her identity, birth date, social security number, age, or any other information that would prove that Plaintiff did not have any such warrant for her arrest in Texas.

40.     Furthermore, Plaintiff is informed, believes and hereby alleges that City

Defendants and Doe Officers were contacted by the courts in Texas and informed that Plaintiff did not have arrest warrants against her. Thereafter, City Defendants had no reason to keep Plaintiff at Lynwood Women's Jail but held her there for an additional three days.

41.     Three days after City Defendants discovered that Plaintiff was an innocent, law abiding citizen, she was finally released and able to reconnect with her family.

## FIRST CAUSE OF ACTION

**(By Plaintiff BETHANY FARBER Against Defendants for Violation of Civil Rights: Unlawful Seizure (42 U.S.C. Section 1983 – 4th and 14th Amendment)**

42.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 41 of this Complaint with the same force and effect as if fully set forth herein.

43.     This cause of action is set forth herein to redress the deprivation, under color or statute, ordinance, regulation, policy, custom, practice, and/or usage, of rights, privileges, and/or immunities secured to Plaintiff by the Fourth Amendment to the Constitution of the United States.

44.     Upon information and belief, Defendants obtain a warrant for the arrest of someone with the name, Bethany Farber in the State of Texas.

45.     Without confirming any identification information, Defendants arrested Plaintiff.

46.     Defendants did not confirm Plaintiff's driver's license, social security number, date of birth, age, or any other information for thirteen days while she was held first at LAX and then at Lynwood Women's Jail.

47.     Plaintiff adamantly informed the officers that she had never been to Texas and requested that they check her driver's license.

48.     As a result of Defendant's actions, Plaintiff was wrongfully arrested in violation of her Fourth Amendment rights. The officers arrested Plaintiff (1) without probable cause and (2) without confirming her identity which would have revealed to the officers that Plaintiff did not have any warrants against her.

49.     Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

**(By Plaintiff BETHANY FARBER against City of Los Angeles and Los Angeles Police Department Violation of Civil Rights: Entity Liability (Monell Claim)**

50.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 49 of this Complaint with the same force and effect as if fully set forth herein.

51.     At all times herein mentioned, City Defendants acted with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff, including the right to be free from unreasonable searches and seizures and the right to be free from unlawful discrimination, instituted policies and allowed the constitutional violations as alleged herein.

52.     Among other things, City Defendants failed to adequately train and supervise DOE Officers in their arrest of individuals with common names. Investigations such as the one involving Plaintiff requires attention to the arrest warrant, Plaintiff's driver's license, passport, date of birth, physical appearance, social security number and any other information that would show that Plaintiff was not wanted for arrest in the State of Texas. Reasonable measures should have been taken to determine whether Plaintiff was wanted for arrest in the State of Texas or whether Plaintiff was the exact person listed in the warrant.

53.     As a direct and proximate result of the foregoing, Plaintiffs sustained injury and damage as alleged above, in a sum according to proof. Plaintiffs do not seek punitive damages under this claim for relief because the entities are immune.

/ / /

/ / /

/ / /

## THIRD CAUSE OF ACTION

### (By Plaintiff BETHANY FARBER Against All Defendants for Violation of Civil Rights: Unlawful Arrest (42 U.S.C. Section 1983 – 4th Amendment))

54.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55.     Said Defendants obtained an arrest warrant for a woman by the name of Bethany Farber in the State of Texas.

56.     Defendants then proceeded to arrest plaintiff despite the fact that she has never been to the State of Texas. Defendants also failed to confirm Plaintiff's driver's license, date of birth, social security number, or any other information which would show that Plaintiff did not have any warrants for her arrest at any time.

57.     As a result of the execution of this warrant by said City Defendants, Plaintiff was wrongfully arrested in violation of her Fourth Amendment rights. The officers arrested Plaintiff without any probable cause. Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial. On information and belief, Defendants and DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an

award of punitive damages, in the sum of an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## FOURTH CAUSE OF ACTION

**(By Plaintiff BETHANY FARBER Against ALL Defendants for False Arrest/False Imprisonment (Penal Code Section 236))**

58.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 57 of this Complaint with the same force and effect as if fully set forth herein.

59.    On or about April 16, 2021, City Defendants, and DOE Officers, acting in the course and scope of their employment with City Defendants, executed an arrest warrant on Plaintiff while she was preparing for her flight to Mexico.

60.    The warrant executed by said Defendants was illegitimate because the warrant was not for Plaintiff. Defendants failed to confirm any information about Plaintiff which would have established that she has never been to the State of Texas and has never committed any crime. The Defendants and each of them knew or should have known that the warrant was not for Plaintiff.

61.    As a result of the execution of this warrant, Plaintiff was wrongfully arrested in violation of her civil rights. Due to the actions of Defendants and each of them in violating Plaintiff's civil rights, Plaintiff has suffered emotional injury

and mental anguish in a sum according to proof at trial.

62.    At all times herein alleged Plaintiff had committed no crime. Defendant, and each of them, had no probable cause to believe that Plaintiff had committed a crime.

63.    On information and belief, Defendant DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages in a sum according to proof for the purpose of punishing Defendants and to deter them and other from such conduct in the future.

## FIFTH CAUSE OF ACTION

**(By Plaintiff BETHANY FARBER Against ALL Defendants for Violation of Cal. Civil Code § 52.1 (Bane Act))**

64.    Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 63 of this Complaint with the same force and effect as if fully set forth herein.

65.    All Defendants, including but not limited to Defendant DOE Officers, acted violently against Plaintiff to prevent Plaintiff from exercising her right to be free from unlawful arrests.

66.    All Defendants are directly and/or vicariously liable for the actions that

caused Plaintiff's injuries.

67.    As a result of the execution of these false warrants, Plaintiff suffered damages due to the wrongful and unlawful arrest, in violation of her civil rights under this section. For the damages caused by Defendants, Plaintiff, seeks statutory damages under Civil Code section 52, or in any amount according to proof at the time of trial.

68.    On information and belief, Defendant DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible manner. Therefore, Plaintiff is entitled to an award of punitive damages according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## SIXTH CAUSE OF ACTION

### (By Plaintiff BETHANY FARBER Against All Defendants for Intentional Infliction of Emotional Distress)

69.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 68 of this Complaint with the same force and effect as if fully set forth herein.

70.    The conduct of Defendants and each of them was outrageous conduct.

71.    Defendants and each of them wrongfully and unlawfully arrested

Plaintiff in public at LAX, without confirming her identity. Defendants acted on an illegitimate warrant which was not for Plaintiff, as Plaintiff had never committed any crime.

72.     Defendants and each of them then held Plaintiff in jail for a total of thirteen (13) days. During which time, Plaintiff was forced to share a cell, share toilet paper, and soap with strangers.

73.     As a direct result of the conduct of Defendants, Plaintiff was caused to suffer severe emotional distress in an amount according to proof at the time of trial. Defendants intended that Plaintiff suffer emotional distress and/or acted with reckless disregard for the likelihood that Plaintiff would suffer severe emotional distress as a result of Defendants' conduct.

74.     Defendant DOE Officers, acted with malice and with the intent to cause injury to Plaintiffs, or acted with a willful and conscious disregard of the rights of Plaintiffs in a despicable, vile, and contemptible manner. Therefore, Plaintiffs are entitled to an award of punitive damages in an amount according to proof at the time of trial for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

/ / /

/ / /

/ / /

## SEVENTH CAUSE OF ACTION

**(By Plaintiff BETHANY FARBER Against All Defendants for Negligence**

**(Violation of Penal Code Section 236))**

75.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 74 of this Complaint with the same force and effect as if fully set forth herein.

76.     In violation of Penal Code Section 236, City Defendants and each of them, wrongfully and illegally arrested Plaintiff as explained herein.

77.     Defendants and each of them failed to act with reasonable case in their actions toward Plaintiff and were incompetent to investigate whether Plaintiff had a warrant for her arrest in the State of Texas.

78.     As a result of the execution of the illegitimate warrant, Plaintiff has been injured substantially as set forth above.

79.     The negligence of Defendants City and LAPD in hiring and/or supervising and/or retaining Defendant DOE Officers was also a substantial factor in causing Plaintiff's harm.

80.     As a direct result of the conduct of Defendants, Plaintiff was caused to suffer severe emotional distress in an amount according to proof at the time of trial. Defendants intended that Plaintiff suffer emotional distress and/or acted with reckless disregard for the likelihood that Plaintiff would suffer severe emotional

distress as a result of Defendants' conduct.

## **EIGHTH CAUSE OF ACTION**

**(By Plaintiff BETHANY FARBER Against All Defendants for Violation of Civil Rights: Cruel and Unusual Punishment (42 U.S.C. Section 1983 – 8th Amendment))**

81.     Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 80 of this Complaint with the same force and effect as if fully set forth herein.

82.     Plaintiff was deprived rights under the Eight Amendment to the Constitution when she was wrongfully arrested and forced to stay at Lynwood Women's Jail for approximately thirteen days.

83.     Plaintiff was wrongfully arrested when City Defendants and each of them mistook Plaintiff for another women who had a warrant for arrest in the State of Texas.

84.     Plaintiff has never been to the State of Texas, nor has she ever committed any crime in the State of Texas or any other state in the United States of America.

85.     City Defendants held Plaintiff against her will without any confirmation that there was any warrant for her arrest.

86.     Plaintiff was forced to endure many sleepless nights in Lynwood

Women's Jail, where she was so cold she had no other option but to put her warm food inside her sweatshirt to keep warm. Additionally, Plaintiff was forced to watch as the other inmates threw feces and smeared it across the walls.

87.     City Defendants then kept Plaintiff inside the jail for an additional three days, knowing that the State of Texas informed them that Plaintiff should be released.

88.     City Defendant's failure to act caused Plaintiff extreme stress, anxiety, mental anguish, and emotional distress.

89.     City Defendants forced Plaintiff to endure grueling and unprecedented scenes while she was in Lynwood Women's Jail which she should have never bee subjected to because Plaintiff is an innocent woman. City Defendants failed to use reasonable care in identifying Plaintiff and after they were informed that Plaintiff did not have any warrants for her arrest in the State of Texas. As an innocent woman, any stay in jail is cruel and unusual as Plaintiff should have never been arrested.

90.     As a result, Plaintiff has suffered general and monetary damage as well as emotional injury and mental anguish in an amount according to proof at trial. On information and belief, Defendants and DOE Officers, and each of them, acted with malice and with the intent to cause injury to Plaintiff, or acted with a willful and conscious disregard of the rights of Plaintiff in a despicable, vile, and contemptible

manner. Therefore, Plaintiff is entitled to an award of punitive damages, in the sum of an amount according to proof for the purpose of punishing Defendants and to deter them and others from such conduct in the future.

## NINTH CAUSE OF ACTION

**By Plaintiff BETHANY FARBER Against Entity Defendants for**

**Declaratory, Equitable and Injunctive Relief (42 U.S.C. Section 1983)**

91.     Plaintiff repeats and realleged each and every allegation in paragraphs 1 through 90 of this Complaint with the same force and effect as if fully set forth herein.

92.     The conduct claimed of herein was undertaken pursuant to the policies, practices, and customs of the City of Los Angeles, and City Defendants.

93.     Plaintiff does not have an adequate remedy at law for the threatened injury alleged herein. The continuing practice of the wrongful customs, policies, and practices described above is likely to result in the wrongful arrest of Plaintiff on a warrant meant for another person. Suits for monetary compensation cannot compensate Plaintiff for the time she spent detained and possibly imprisoned on a warrant meant for another, or the humiliation and reputational damage if she continues to be arrested by City Defendants, or her anxiety about the danger of being detained and arrested at any time by law enforcement officers.

/ / /

## __PRAYER FOR RELIEF__

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory and special damages in an amount according to proof at trial;

2.     For cost of suit incurred herein;

3.     For attorneys' fees incurred herein, as provided by law;

4.     For punitive damages against the individual defendants in an amount to be proven at trial;

5.     For interest;

6.     For mental, emotional, physical past, present and future pain and suffering; and

7.     For such other and further relief as the Court may deem just, proper and appropriate.


Dated: February 23, 2022          **IVIE McNEILL WYATT PURCELL & DIGGS**


By: ___*/s Rodney S. Diggs*_____
            **RODNEY S. DIGGS, ESQ.**
            **KAELIN S. DAVIS, ESQ.**
            Attorney for Plaintiff,
            BETHANY FARBER

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that a jury be impaneled for the trial of this matter.


Dated: February 23, 2022          **IVIE McNEILL WYATT PURCELL & DIGGS**


By: ***/s Rodney S. Diggs***_____
          **RODNEY S. DIGGS, ESQ.**
          **KAELIN S. DAVIS, ESQ.**
          Attorney for Plaintiff,
          BETHANY FARBER