**HYDEE FELDSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney –SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**EMILY S. COHEN,** Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.:    (213) 978-8785
Email: emily.s.cohen@lacity.org

Attorneys for Defendant **CITY OF LOS ANGELES**

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY FARBER, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive,<br><br>        Defendants. | CASE NO.  CV22-01173-ODW-KS<br>*Hon. Otis D. Wright II, Ctrm. 5D, 5th Fl.*<br>*Mag. Karen L. Stevenson, Ctrm. 580, 5th Fl.*<br><br>**DEFENDANT CITY OF LOS ANGELES' NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[Filed Concurrently with Defendant's Statement of Uncontroverted Facts and Conclusions of Law; Request For Judicial Notice; Supporting Declaration of Emily S. Cohen and Exhibits; [Proposed] Order]<br><br>Date:  January 23, 2023<br>Time: 1:30 p.m.<br>Courtroom: _5D<br><br>Trial:  April 11, 2023 |

**TO THE HONORABLE COURT, TO PLAINTIFF AND HER COUNSEL:**

    **NOTICE IS HEREBY GIVEN** that on January 23, 2023, at 1:30 p.m. in

Courtroom 5D before the Honorable Otis D. Wright, II, Judge of the United States

1

District Court-Central District of California, located at 350 W. First Street, Los Angeles, CA 90012, Defendant City of Los Angeles will move this Court for an order granting its motion for Summary Judgment, or in the alternative, partial summary judgment on the following grounds:

## I.     FIRST CLAIM FOR RELIEF (42 U.S.C. § 1983, 4th Amendment—UNLAWFUL SEIZURE/ UNLAWFUL ARREST)

1. There was probable cause to arrest Plaintiff pursuant to a facially valid warrant.

2. The warrant adequately described Plaintiff and in fact the warrant was for Plaintiff as it was an exact match to her driver's license.

## II.    SECOND CLAIM FOR RELIEF (42 U.S.C. § 1983, 14th Amendments—DUE PROCESS VIOLATION)

1. Plaintiff was not denied access to the court and in fact, appeared before a Superior Court Judge a few days after her arrest.

2. The involved officers were not on notice to perform further investigation because there was no significant difference between the arrestee and the subject of the warrant.

3. Any claim of innocence was uncorroborated, and therefore, the officers were not required to perform further investigation.

4. Plaintiff otherwise has no evidence to support this claim.

## III.   THIRD CLAIM FOR RELIEF (*MONELL* LIABILITY)

1.     Plaintiff has no evidence that her right to be free from an unlawful seizure was violated. In other words, there is no evidence of a Fourth Amendment violation.

2.     Plaintiff has no evidence to support the contention that her Fourteenth Amendment Rights were violated.

3.     Since there is no underlying constitutional violation, Plaintiff cannot

maintain a *Monell* claim based on any theory.

4.    Even assuming there is a genuine issue of material fact regarding the Fourth Amendment claim, Plaintiff has failed to put forth any evidence that a City policy, practice, or custom caused the alleged violation.

5.    Even assuming there is a genuine issue of material fact regarding the Fourteenth Amendment claim, Plaintiff has failed to put forth any evidence that a City policy, practice, or custom caused the alleged violation.

6.    Plaintiff cannot maintain a *Monell* claim based on a one-time incident and especially based on the facts of this case.

7.    Plaintiff has no evidence to demonstrate that the LAX Police Department or LAPD (subdivisions of the City of Los Angeles) failed to train its officers. *Connick v. Thompson,* 563 U.S. 51 (2011)

8.    The contention that a handful of officers were improperly trained or not trained at all is insufficient to maintain a *Monell* claim. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989)

## IV.    FOURTH CLAIM FOR RELIEF (FALSE ARREST/ FALSE IMPRISONMENT)

1.    Since there was probable cause to arrest Plaintiff on a valid warrant, these claims fail as a matter of law.

2.    The immunity afforded by 815.2(b) applies.

3.    The immunity afford by California  Government Code Section 847(b) applies, which states there shall be no civil liability  against a peace officer for false arrest arising where the peace officer had reasonable cause to believe the arrest was lawful.

4.    The immunity afforded by California Civil Code Section 43.55(a) applies, which states that there shall be no liability or cause of action against any peace officer who makes an arrest pursuant to a warrant of arrest regular upon its face.

5.     The immunity afford by California Government Code Section 821.6 applies, which states that a public employee is liable for injury caused by his instituting or prosecuting any judicial proceeding within the scope of his employment.

6.     The immunity afford by California Code Civil Procedure Section 262.1 applies, which justifies officers in the execution and process orders regular on their face, whatever the defect in the proceedings upon which they were issued.

## V.     FIFTH CLAIM FOR RELIEF (NEGLIGENCE)

1.     Plaintiff cannot satisfy the element of breach of duty of care because probable cause existed for her arrest. *Collins v. County of San Diego,* 60 Cal. App. 5th 1035, 1049 (2021);

2.     Since there was probable cause to arrest Plaintiff, the claim for Negligence fails as a matter of law.

3.     Plaintiff cannot satisfy the element of causation because the "but-for" cause of her incarceration was a misidentification by officers in Gainsville, Texas.

4.     This claim is barred by California Government Code Section 821.6. Leon v. County of Riverside, 64 Cal.App.5th 837 (2021)

## VI.     SIXTH CLAIM FOR RELIEF (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

1.     Since there was probable cause to arrest Plaintiff, this case fails as a matter of law. *Cornel v. Hawaii,* 501 F.Supp.3d 927, 947 (Hawai'i 2020).

2.     This claim is barred by California Government Code Section 821.6. *Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205, 1208-14 (1994)

/ / /

/ / /

/ / /

4

## VII.   SEVENTH CLAIM FOR RELIEF (BANE ACT; CAL CODE CIV. PROC 52.1)

1.   Plaintiff fails to proffer any of the requisite elements because there was probable cause for her arrest.

2.   There is no evidence of any City employee that acted with the "specific intent" required to violate Plaintiff's constitutional rights at any time. *Cameron v. Craig,* 713 F.3d 1012, 1022 (9th Cir. 2013).

This motion is based upon the allegations of Plaintiffs' Second Amended Complaint, the Memorandum of Points and Authorities attached hereto, the Exhibits, the Declarations of Deputy City Attorney Emily Cohen, Officer Marlon Moorer, Officer Kim Baxter, as well as the attached exhibits; Defendants' Request for Judicial Notice and all exhibits thereto; the Proposed Order, and/or any other oral and documentary evidence presented to the Court at the time of the hearing.

### MEET AND CONFER COMPLIANCE

Defendant's counsel, DCA Emily S. Cohen, met and conferred with Plaintiff's counsel, by phone, on December 12, 2022.  (See separately filed Declaration of Emily S. Cohen re: compliance with LR 7-3).

Dated: December 19, 2022          Respectfully submitted,

**HYDEE FELSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Senior Assistant City Attorney

By: /s/ *Emily S. Cohen*
      **EMILY S. COHEN**, Deputy City Attorney

Attorneys for Defendant CITY OF LOS ANGELES

# TABLE OF CONTENTS

Page

I. INTRODUCTION ...................................................................................1

II. STATEMENT OF FACTS .....................................................................1

III. AUTHORITY FOR DEFENDANT'S MOTION .................................3

IV. FEDERAL CLAIMS .............................................................................5

    A. Plaintiff was Arrested Pursuant to a Lawful Warrant for her Arrest ........5

    B. Plaintiff Cannot Show a Due Process Violation ...............................6

        1. Further Investigation was Not Warranted.......................................6

        2. Uncorroborated Claims of Innocence Do Not Require Further Investigation.........................................................................................7

        3. Plaintiff was not Denied Access to the Courts ..............................8

    C. Plaintiff Has No Evidence to Support the *Monell* Claim..........................9

        1. There is No Underlying Constitutional Violation .........................9

        2. Policy, Practice Custom ...............................................................10

        3. Failure to Train.............................................................................11

V. THE STATE LAW CLAIMS...............................................................12

    A. False Arrest.............................................................................................12

    B. Negligence..............................................................................................13

    C. Intentional Infliction of Emotional Distress..........................................14

    D. Bane Act .................................................................................................16

    E. State Law Immunity ...............................................................................17

XI. CONCLUSION....................................................................................19

i

# TABLE OF AUTHORITIES

**Cases** **Page**

*Allen v. City of Sacramento*,
  234 Cal.App.4th 41 (2015) ...................................................................16

*Amylou R. v. County of Riverside*,
  28 Cal.App.4th 1205 (1994) .................................................................18

*Asgari v. City of Los Angeles*
  15 Cal. 4th 744 (1997) ..........................................................................13

*Austin B. v. Escondido Union School Dist.*,
  149 Cal.App.4th 860 (2007) .................................................................16

*Austin v. Terhune*,
  367 F.3d 1167 (9th Cir. 2004) ..............................................................15

*Baker v. McCollan*,
  443 U.S. 137 (1979)................................................................5, 6, 8, 13

*Beauregard v. Wingard*,
  362 F.2d 901 (9th Cir. 1966) ................................................................12

*Bell v. State of California*,
  63 Cal.App.4th 919 (1998) ...................................................................12

*Black v. City of Blythe*,
  562 F.Supp.3d 820 (C.D. Cal. 2022) ....................................................14

*Board of County Com'rs of Bryan County, Okl. v. Brown*,
  520 U.S. 397 (1997)...............................................................................11

*Cabrera v. City of Huntington Park*,
  159 F.3d 374 (9th Cir. 1998) ................................................................13

*Cameron v. Craig*,
  713 F.3d 1012 (9th Cir. 2013) ..............................................................16

*Cannon v. Macon County*,
  1F.3d 1558, 1563 (11th Cir. 1993) .........................................................7

ii

*Canton v. Harris*,
   489 U.S. 378 (1989)..................................................................3, 4, 11

*Cassette v. King County*,
   625 F.Supp. 2d 1084 (W.D. Wash. 2008) ..............................................15

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).......................................................................3, 4

*City of Los Angeles v. Heller*,
   475 U.S. 796 (1986)...........................................................................9

*Collins v. County of San Diego*,
   60 Cal. App.5th 1035 (2021) ..............................................................13

*Connick v. Thompson*,
   563 U.S. 51 (2011)...........................................................................11

*Cornel v. Hawaii*,
   501 F.Supp.3d 927 (Hawai'i 2020) ..................................................4, 15

*Cornell v. City & Cnty. of S.F.*,
   17 Cal.App.5th 766; Cal. Rptr. 3d 356 (Cal. Ct. App. 2017)..................16, 17

*Crowe v. County of San Diego*,
   303 F.Supp.2d 1050 (S.D. Cal. 2004)...................................................18

*Csoka v. County of Suffolk*,
   85 F. Supp. 2d 117 (E.D.N.Y. 2000) ....................................................15

*Devenpeck v. Alford*,
   543 U.S. 146 (2004)............................................................................5

*Devereaux v. Abbey*,
   263 F.3d 1070 (9th Cir. 2001) (en banc) ..................................................3

*deVillers v. County of San Diego*
   (2007) 156 Cal.App.4th 238 ...............................................................14

*Dintino v. Echols*,
   243 F.Supp.2d 255 (E.D. Penn. 2003)....................................................15

*Fairley v. Luman*,
   281 F.3d 913 (9th Cir. 2002) .............................................................7, 9

iii

*Garcia v. County of Riverside*,
   2018 WL 3740528 (C.D. Cal. 2018) ........................................................9

*Gillan v. City of San Marino*,
   147 Cal.App.4th 1033 (2007) ................................................................18

*Gomon v. TRW, Inc.*,
   28 Cal.App.4th 1161 (Cal. Ct. App. 1994) ............................................15

*Hayes v. Florida*,
   470 U.S. 811 (1985) .................................................................................5

*Hughes v. Pair*,
   46 Cal.4th 1035 (Cal. 2009) .................................................................15

*Kayfetz v. State of Cal.*,
   156 Cal.App.3d 491 (1984) ...................................................................18

*Kemmerer v. County of Fresno*,
   200 Cal.App.3d 1426 (1988) .................................................................18

*Kiss v. City of Santa Clara*,
   206 Fed.Appx. 679 (2006) ......................................................................8

*Leon v. County of Riverside*,
   64 Cal.App.5th 837 (2021) ....................................................................18

*Lopez v. City of Oxnard*,
   20 Cal.App.3d 1 (Ct. App. 1989) ................................................5, 14, 18

*Luchtel v. Hagemann*,
   623 F.3d 975 (9th Cir. 2010) .................................................................12

*Lujan v. National Wildlife Fed'n*,
   497 U.S. 871 (1990) .................................................................................4

*Monell v. Dept. of Social Services*,
   436 U.S. 658 (1978) .................................................................1, 9, 10, 11

*Oviatt v. Pearce*,
   954 F.2d 1470 (9th Cir. 1992) .................................................................9

*People v. Fish*,
   29 Cal.App.5th 462 (Ct. App. 2nd Dist. 2018) ......................................5

iv

*People v. Johnson,*
    62 Cal.App.3d Supp. 1 (1976) .................................................. 9

*People v. Mitchell,*
    209 Cal.App.2d 312 (1962) ....................................................... 9

*People v. Santos,*
    26 Cal.App.3d 397 (1972) ......................................................... 9

*People v. Stewart,*
    264 Cal.App.2d 809 (1968 ......................................................... 9

*Reese v. County of Sacramento*,
    888 F.3d 1030 (9th Cir. 2018) ................................................ 17

*Rivera v. County of Los Angeles*,
    745 F.3d 384 (9th Cir. 2014) ........................................... 6, 7, 8

*Salazar v. Upland Police Dept.*,
    116 Cal.App.4th 934 (Ct. App. 4th Dist. 2004) ................... 12, 13

*Sandoval v. Cty. of Sonoma*,
    912 F.3d 509 (9th Cir. 2018) ................................................ 17

*Scott v. Harris*,
    550 U.S. 372 (2007) ......................................................... 4, 17

*Scotti, v. City of Phoenix*,
    606 Fed.Appx. 386 (9th Cir. 2015) ........................................ 13

*Sholley v. Town of Holliston*,
    49 F. Supp. 2d 14 (Mass. 1999) ............................................ 15

*Shoyoye v. County of Los Angeles*,
    203 Cal.App.4th 947 (Cal. Ct. App. 2012) ............................. 16

*Simmons v. Superior Court*,
    7 Cal.App.5th 1113 (2016) ................................................... 16

*Soler v. City of San Diego*,
    762 Fed. Appx. 383 (9th Cir. 2019) ...................................... 6, 7

*Trevino v. Gates*,
    99 F.3d 911 (9th Cir. 1996) ................................................. 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*U.S. v. Harris*,
   296 F. App'x 736 (11th Cir. 2008)............................................................................17

*Vallindras v. Massachusetts etc. Ins. Co.*,
   42 Cal. 2d 149 (1954) ............................................................................................18

*Venegas v. County of Los Angeles*,
   32 Cal.4th 820 (2004) ............................................................................................16

*Viner v. Sweet*,
   30 Cal.4th 1232 (2003) ..........................................................................................14

*Walsh v. Taylor*,
   263 Mich. App. 618 (1st Dist. Ct. App. 2004) .......................................................15

## Statutes

42 U.S.C. § 1983 4th Amendment ...................................................................... 1, 3, 5, 6

42 U.S.C. § 1983 14th Amendment .................................................................. 1, 3, 8, 11

42 U.S.C. § 1983 8th Amendment ............................................................................. 2

Bane Act ...................................................................................................... 1, 16, 17

Cal. Code Civl Proc. §43.55(a) .............................................................................. 17

Cal. Code Civ. Proc. §262.1 ............................................................................. 17, 18

Cal. Gov. Code Sec. 815.2(b) ........................................................................... 17, 19

Cal. Gov. Code Sec. 821.6 ................................................................................ 17, 18

Cal. Gov. Code Sec. 847(b) ................................................................................... 17

California Pen. Code § 236 .............................................................................. 1, 13

California Penal Code Section 825 .......................................................................... 9

California Pen. Code Section 1551.1 ........................................................................ 2

Fed. R. Civ. P. 56(a) .............................................................................................. 3

Fed. R. Civ. P. 56(e) .............................................................................................. 4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

The Gainesville (Texas) police department issued a warrant for Plaintiff's arrest prior to April of 2021.  As a result, Plaintiff was taken into custody by employees of the City of Los Angeles. Plaintiff was presented to a Superior Court judge four days after her arrest and held in custody as a result of the warrant and the scheduling of an identification hearing.

The operative pleading is Plaintiff's First Amended Complaint filed February 25, 2022 (Doc. 12 and Exhibit A).  Plaintiff alleges she was arrested in violation of her constitutional rights by the Los Angeles Airport Police Department (LAXPD) on April 16, 2021. LAXPD officers sought booking advice from Los Angeles Police Department (LAPD) Officer Marlon Moorer prior to booking for an out of state warrant that was an exact match to Plaintiff. Plaintiff was released from custody after the Texas authorities confirmed they were no longer interested in pursuing the matter.

Defendant has filed a Motion for Summary Judgment, or in the alternative, a Motion for Partial Summary Judgment. There was probable cause to arrest Plaintiff and there is no evidence to support any of the other federal claims.  For the additional reasons stated herein, the motion should be granted as to the state law claims.

## II.    STATEMENT OF FACTS

Plaintiff filed her complaint for damages on February 25, 2022, which includes the following claims: (1) Unlawful Seizure, 42 U.S.C. § 1983 4th and 14th Amendment; (2) Entity Liability (*Monell* Claim); (3) Unlawful Arrest, 42 U.S.C. § 1983 4th Amendment; (4) False Arrest/False Imprisonment in violation of Pen. Code § 236; (5) Violation of Bane Act, Cal. Civil Code § 52.1; (6) Intentional Infliction of Emotional Distress; (7) Negligence (in violation of Pen. Code Sec. § 236); and (8) Cruel and

1

Unusual Punishment, 42 U.S.C. § 1983 8th Amendment.[1] (Defendant's Statement of Undisputed Facts ("DSUF") No. 1)

On April 16, 2021, Plaintiff Bethany Farber was arrested by two LAXPD officers, Officer Avetyan and Officer Aminian, after they were notified by Customs and Border Patrol, Agent Arias, that Plaintiff had an out of state warrant from Texas and she was attempting to fly to Mexico. (DSUF No. 2) The no-bail warrant Plaintiff was arrested on matched her driver's license number, first name, middle name, last name, date of birth, sex, race, height, weight, hair color, eye color, and address exactly. There are no differences between the warrant and her driver's license. (DSUF No. 3)

Los Angeles Airport Police ("LAXPD") Officers Avetyan and Aminian received booking advice from Marlon Moorer, who confirmed Plaintiff's driver's license descriptors matched the warrant, that Texas was seeking a full extradition, and that Texas still wanted to extradite Plaintiff. (DSUF No. 4) After her arrest, Plaintiff was processed at LAPD's Pacific Division on April 16, 2021 at 11:33am by Officer Kim Baxter, which included live scanning and taking a booking photo. (DSUF No. 5) When Texas issued the warrant, they did not attach fingerprints or a booking photo for comparison.  (DSUF No. 6)

Deputy District Attorney Jennifer Snyder filed a felony complaint against Plaintiff alleging a violation of California Pen. Code Section 1551.1 on April 20, 2021 in case no. BA494902. (DSUF No. 7) On April 20, 2021, Plaintiff was represented by counsel at her extradition proceeding and the court scheduled a probable cause/ identification hearing for April 30, 2021. (DSUF No. 8)

On April 21, 2021, LAPD began requesting additional information for the identification hearing. (DSUF No. 9) On April 22, 2021, LAPD received an email containing a police report and what appears to be three still shots from videos. (DSUF No. 10) At 1:39pm on April 27, 2021, LAPD received a facsimile of an order from a

---

[1] On December 16, 2022, Plaintiff and Defendant filed a joint stipulation to dismiss Count 8, Cruel and Unusual Punishment in violation of 42 U.S.C. § 1983 8th Amendment.

Texas Court that indicated "After further investigation, it has been determined that the individual originally identified is the incorrect Bethany Farber. Bethany Kaley Farber (DOB: 8/22/1991) is not connected to this offense and it is in the interest of justice that this case be dismissed." (DSUF No. 11) LAPD took that fax to court April 28, 2021 at 8:30 a.m. to have case BA494902 dismissed and Plaintiff was ordered to be released. (DSUF No. 12) Officers Greer and Strickland of the Gainsville Police Department incorrectly identified Plaintiff as the person wanted for the underlying crime. (DSUF No. 13)

In March 1996, Marlon Moorer, graduated from the LAPD's Police Academy which is certified by the California Commission on Peace Officer Standards and Training (or "P.O.S.T."). (DSUF No. 14) On April 16, 2021, Marlon Moorer was a LAPD Police Officer II and had been previously trained to comply with the Fourth Amendment, as well as the Fourteenth Amendment in connection with his duties as a LAPD Officer, including making arrests. (DSUF No. 15) Officer Moorer has worked the rendition desk since 2011 and has given booking advice on thousands of cases. (DSUF No. 16) On April 16, 2021, LAPD had several policies and procedures in place that were available to the entire department regarding arrests and bookings on out of state felony warrants. (DSUF No. 17)

## III.   AUTHORITY FOR DEFENDANT'S MOTION

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present

3

specific facts that show there is a genuine issue for trial.  Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes,"* 67 F.3d 816, 819 (9th Cir. 1995).

Further, the party seeking summary judgment does not necessarily need to submit any evidence of its own.  When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim.  See e.g., *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990).  Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue.  See *Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'")  Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  See *id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment . . . is satisfied."  *Id*. at 323.

"The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (brackets, citations, and quotations omitted). For the reasons stated herein, the motion should be granted.

/ / /

/ / /

## IV.    FEDERAL CLAIMS

### A.    Plaintiff was Arrested Pursuant to a Lawful Warrant for her Arrest

An arrest is considered a reasonable seizure when it is supported by probable cause. *Hayes v. Florida,* 470 U.S. 811, 816 (1985).  The probable cause standard for pretrial detention is the same as that for arrest, therefore a person arrested pursuant to a warrant issued by a magistrate or a showing of probable cause is not constitutionally entitled to a separate judicial determination that there is probable cause to detain him pending trial. *Baker v. McCollan,* 443 U.S. 137, 143 (1979).  A police officer must use reasonable prudence and diligence to determine whether a party being arrested is the one described in the warrant.  *Lopez v. City of Oxnard,* 20 Cal.App.3d 1, 7 (Ct. App. 1989). It is not the function of an arresting officer to investigate the procedure by which the warrant was issued, nor is it his duty to consider the propriety of its issuance provided the warrant is regular on its face. *Lopez,* 20 Cal.App.3d at 8. The facts will show reasonable precaution on the part of the arresting officers where the warrant accurately describes the Plaintiff. *Lopez,* 20 Cal.App.3d at 8. The Constitution does not guarantee that only the guilty will be arrested. *Baker v. McCollan,* 443 U.S. 137, 146 (1979).

Probable cause is determined based on the facts known to the officer at the time of arrest. *Devenpeck v. Alford,* 543 U.S. 146, 152 (2004). If a seizure was effected pursuant to a warrant, the party challenging the warrant has the burden of proving the illegality of the seizure. *People v. Fish,* 29 Cal.App.5th 462, 468 (Ct. App. 2nd Dist. 2018).

The warrant in this case was issued for Plaintiff. The descriptors on the warrant were an exact match of Plaintiff's descriptors on her driver's license; they are not even one inch or one pound off. (DSUF No. 3) Further, Plaintiff's uniquely identifying driver's license number matches the driver's license number on the warrant. (DSUF No. 3) There is no question that the warrant issued from Texas was for the Plaintiff in this case. There is no allegation in the Complaint that the warrant is irregular. Because Plaintiff was arrested on a regular warrant that accurately described her, there is no Fourth Amendment violation, and therefore no unlawful seizure or unlawful arrest, as

alleged in Plaintiff's first and third claims against the City. As such, the Court should dismiss the Fourth Amendment claim.

### B.    Plaintiff Cannot Show a Due Process Violation

Plaintiff has failed to demonstrate she is entitled to relief for the time she spent in custody following her arrest.  Post arrest incarceration is analyzed under the Fourteenth Amendment alone, not the Fourth Amendment. *Soler v. City of San Diego*, 762 Fed. Appx. 383, 386 (9th Cir. 2019). Cases holding that an incarceration violated the due process clause because defendants should have known the plaintiff was entitled to release fit at least one of two categories: (1) the circumstances indicated to the defendants that further investigation was warranted, or (2) the defendants denied the plaintiff access to the courts for an extended period of time. *Rivera v. County of Los Angeles,* 745 F.3d 384, 390-91 (9th Cir. 2014). Due Process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of incarcerating an innocent person. *Baker v. McCollan,* 443 U.S. 137, 146 (1979). It is Plaintiff's burden to show that it was or should have been known that Plaintiff was entitled to release. *Rivera,* 745 F.3d at 390. The Due Process Clause cannot be violated unless Plaintiff was held for a long enough period of time without adequate procedures. *Rivera,* 745 F.3d at 392. For the reasons stated herein, there is no evidence of a violation of the Fourteenth Amendment.

### 1.    Further Investigation was Not Warranted

Cases that required further investigation have involved <u>significant differences between the arrestee and the person named in the warrant</u>. *Rivera,* 745 F.3d at 391. Detention based on mistaken identity violates due process if the circumstances indicated to the defendants that further investigation was warranted; however, in contrast, unsupported claims of mistaken identity, by themselves do not trigger a duty to investigate further unless there are "significant" differences between the arrestee and the

warrant subject. *Soler v. City of San Diego,* 762 Fed. Appx. 383, 386 (9ᵗʰ Cir. 2019). Our case did not involve significant differences between the arrestee and the true suspect. (DSUF No. 3) In this case, there was <u>no</u> difference between Plaintiff's identifiers on her driver's license and the identifiers on the warrant.  (DSUF No. 3 and Exhibits 3-8)

There are several cases in which courts have decided that further investigation was warranted. For example, where plaintiff and the true subject of the warrant not only had different names, but also different in weight by 66 pounds, additional investigation was required. (See *Fairley v. Luman,* 281 F.3d 913 (9ᵗʰ Cir. 2002) discussed by *Rivera,* 745 F.3d at 391). Additionally where an arrestee's driver's license different significantly from the description provided for and the physical make up did match the physical description of the suspect, officers were required to conduct additional investigation. (See *Cannon v. Macon County,* 1F.3d 1558, 1563 (11ᵗʰ Cir. 1993) discussed by *Rivera,* 745 F.3d at 391).

None of these circumstances that required further investigation are present here. The warrant at issue referenced descriptors that were an exact match to Plaintiff's driver's license number, date of birth, race, sex, height, weight, eyes color, hair color, and address. (DSUF No. 3) There was no indication that the person named in the warrant could be any person other than Plaintiff.  (DSUF No. 3)

### 2.      Uncorroborated Claims of Innocence Do Not Require Further Investigation

"Claims of innocence are common in jails; a jailor need not independently investigate all uncorroborated claims of innocence if the suspect will soon have the opportunity to assert his claims in front of a judge. Unsupported claims of mistaken identity, by themselves, do not trigger a duty to investigate further." *Rivera,* 745 F.3d at 391-92.

Where Plaintiff is no longer simply held on a warrant, but is held in custody pursuant to a court order, officials are not required to investigate whether that court

order is proper. *Rivera,* 745 F.3d at 392. Once probable cause has been established, the police are neither required to investigate independently every claim of innocence nor compelled by the Constitution to perform an error-free investigation of such a claim. *Kiss v. City of Santa Clara,* 206 Fed.Appx. 679 (2006) citing *Baker v. McCollan,* 443 U.S. 137, 145-46 (1979).

Further, The Fourteenth Amendment does not protect against all deprivations of liberty, only those without due process of law. *Baker v. McCollan,* 443 U.S. 137, 145 (1979). Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person; the ultimate determination of claims of innocence are placed in the hands of the judge and jury. *Id.,* at 145-46. The due diligence required to be exercised by the sheriff or arresting officer is to make sure that the person arrested and detained is actually the person sought under the warrant and not merely someone with a similar name. *Id.,* at 146.

It is undisputed that Plaintiff is the person that was sought after in the warrant. (DSUF No. 3) Although Gainsville Police Officers apparently identified Plaintiff in error as the person wanted for the underlying crime, the information contained in the warrant matches every descriptor of Plaintiff, including her driver's license number and address. (DSUF No. 13 and No. 3) Thus, Plaintiff has failed to present any facts to support her Fourteenth Amendment Claim.[2]

### 3.    Plaintiff was not Denied Access to the Courts

Any contention that Plaintiff was "denied access to the Courts" is patently false. Plaintiff was arrested on April 16, 2021 and taken before the court on April 20, 2021. (DSUF Nos. 5 and 8) Therefore, Plaintiff was taken before the court in a timely fashion,

---

[2] At this time, Defendant is unaware of any related action filed against the Texas agency.

1  and pursuant to California Penal Code Section 825.[3]

2       Cases where access to the court was denied involve significant periods of

3  deprivation. *Garcia v. County of Riverside,* 2018 WL 3740528 (C.D. Cal. 2018), citing

4  *Rivera,* 745 F.3d at 391. For instance, in *Fairley v. Luman,* 281 F.3d at 915, 918,

5  Plaintiff was held for twelve days without a hearing or court appearance. In *Oviatt v.*

6  *Pearce,* 954 F.2d 1470, 1473 (9th Cir. 1992), Plaintiff spent 114 days in jail without an

7  arraignment, bail, hearing, or jail.  No such facts are present in this case. (DSUF Nos. 5

8  and 8)

9       Again, Plaintiff was taken to court within the required statutory time frames.

10  (DSUF Nos. 5 and 8) At that hearing, Plaintiff was represented by counsel and an

11  identification hearing was scheduled for April 30, 2021. (DSUF No. 8) On April 27,

12  2021, Texas notified the Los Angeles Sheriff's Department that the underlying criminal

13  case was dismissed, who subsequently notified the LAPD. (DSUF No. 11) On April 28,

14  2021, LAPD notified the Court that the case needed to be dismissed and the Plaintiff

15  needed to be ordered released two days prior to her identification hearing. (DSUF Nos. 8

16  and 12)  For these reasons, Plaintiff cannot claim she was denied access to the court for a

17  significant period time because she took advantage of all the procedural protections

18  afforded to her.

19

20       **C.    Plaintiff Has No Evidence to Support the *Monell* Claim**

21            **1.    There is No Underlying Constitutional Violation**

22       As this Court is well aware, if there is no underlying constitutional violation, there

23  can be no liability on the City's behalf regardless of any polices, practices or customs.

24  *City of Los Angeles v. Heller*, 475 U.S. 796 (1986) ("If a person has suffered no

25  _____

26       [3] Saturdays and Sundays are both excluded from time under the statue providing for
arraignment within two days after arrest. *People v. Stewart,* 264 Cal.App.2d 809 (1968).

27  (A person arrested on a Friday is timely brought to Court if they are arraigned the next
Tuesday, see *People v. Mitchell,* 209 Cal.App.2d 312 (1962), *People v. Santos,* 26

28  Cal.App.3d 397 (1972), and *People v. Johnson,* 62 Cal.App.3d Supp. 1 (1976).)

constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.")

In this case, the warrant was not just for a person with a common name, the warrant was for a person with the same first name, middle name, last name, date of birth, driver's license number, sex, race, height, weight, hair color, eye color, and address as the Plaintiff; in fact the warrant was for the Plaintiff as it uniquely identified her. (DSUF No. 3) Plaintiff is the person listed in the warrant. (DSUF No. 3 and 11) Because there is no underlying Constitutional violation, as described in the previous sections, there can be no viable *Monell* claim.

### 2.   Policy, Practice Custom

Plaintiff's second claim (or count) makes vague and conclusory references to the LAPD's so-called unconstitutional policies, practices or customs. Pursuant to *Monell,* a plaintiff may point to an officially adopted or promulgated policy. *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978). A plaintiff may also point to a custom or practice that is not written of formally adopted, but is a pervasive, longstanding practice that has the force of law. *Id*.

As this Court is well-aware, liability against the CITY may not be predicated on isolated or sporadic incidents. Rather, it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become the traditional method of carrying out policy. *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  Plaintiff must prove any such policy or custom was the "moving force" behind the conduct of one or more LAPD officers.  (Ninth Cir. Model Instr. 9.8 (revised March 2021)). In this case, Plaintiff was arrested because Officers Greer and Strickland of the Gainsville Police Department incorrectly identified Plaintiff as the person wanted for the underlying crime. (DSUF No. 13) But-for their misidentification, Plaintiff would never have been arrested. Plaintiff also cannot show that this was not an isolated or sporadic incident. There is no evidence that any other City employee at the Airport or LAPD was aware of

this error until April 27, 2021. (DSUF No. 11)  As such, Plaintiff has failed to present evidence to support this theory of *Monell* liability.

### 3.    Failure to Train

The basis of Plaintiff's *Monell* claim is that "Defendants failed to adequately train and supervise DOE Officers in their arrest of individuals with common names." Plaint. Comp. ⁋52. "Reasonable measures should have been taken to determine whether Plaintiff was wanted for arrest in the State of Texas or whether Plaintiff was the exact person listed in the warrant." Plaint. Comp. ⁋52.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). However, a municipality's § 1983 liability "is at its most tenuous where a claim turns on a failure to train." *Id*. To succeed on a *Monell* claim based on failure to train, the failure to train "must amount to 'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id*. (alteration in original) (quoting *Canton v. Harris*, 489 U.S. 378, 388 (1989)[stating there are only "limited circumstances" in which a "failure to train" can support liability].)

More importantly, even if the Court concludes Plaintiff *may* have suffered a violation of his Fourth or Fourteenth Amendment rights, Plaintiff has no evidence whatsoever to support a failure to train/supervise claim.  It is undisputed that Officer Moorer was properly trained, as well as Detention Officer Baxter. (DSUF Nos 14-17). Further, the failure to train one or two officers is insufficient to support this and theory of *Monell*. *City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989) ("That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city.")

Further, for *Monell* liability to attach, the identified deficiency in a city's training program must be closely related to the ultimate injury. Harris, 489 U.S. at 391. Here, Plaintiff's injury was caused by two officers in Gainsville, Texas as a result of

11

incorrectly identifying her as the person wanted for an underlying crime. (DSUF No. 11 and 13)

Finally, municipal liability for failure to train *may* be proper if Plaintiff can show that policymakers were aware of and acquiesced in a pattern of constitutional violations, rather than a one-time incident. Board of County Com'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 408 (1997). In this case, there is no evidence that policy makers acquiesced in a pattern of constitutional violations or that they were aware of the need to train differently. Years before Plaintiff's arrest, LAPD issued written policies regarding arrests on warrants. (DSUF Nos. 17) It is undisputed that Marlon Moorer was not only familiar with these policies, but had also been trained in accordance with them prior to Plaintiff's arrest. (DSUF Nos. 14-17)  As such, the failure to train claim is frivolous and should be dismissed.

## V.   THE STATE LAW CLAIMS

### A.   False Arrest

Probable cause is a complete defense to a false arrest claim. *See Beauregard v. Wingard*, 362 F.2d 901, 903 (9th Cir. 1966) ("[I]t should in any event be clear that where probable cause does exist, civil rights are not violated by an arrest even though innocence may subsequently be established"). "Imprisonment based on lawful arrest is not false and it is not actionable in tort." *Bell v. State of California,* 63 Cal.App.4th 919, 928 (1998). "A peace officer who arrests someone with probable cause is not liable for false arrest simply because the innocence of the suspect is later proved." *Salazar v. Upland Police Dept.,* 116 Cal.App.4th 934, 947 (Ct. App. 4th Dist. 2004).

An arrest is supported by probable cause if, under the totality of the circumstances known to the arresting officer, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime. *Luchtel v. Hagemann*, 623 F.3d 975, 980 (9th Cir. 2010). To prevail on a claim for false arrest and false imprisonment, a plaintiff must show that there was no probable cause for his or her

arrest. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998). A claim for false imprisonment generally fails when a claim for wrongful arrest fails. See, e.g., *Baker v. McCollan*, 443 U.S. 137, 142-45 (1979). False arrest and false imprisonment are not separate torts.  False arrest is but one way of committing a false imprisonment. *Asgari v. City of Los Angeles* (1997) 15 Cal. 4th 744, 753.  There is probable cause to arrest Plaintiff because she is the person identified in the warrant. (DSUF No. 3) Since there was probable cause to arrest Plaintiff based on the warrant, this claim should also be dismissed

## B.    Negligence

Plaintiff's theory of negligence is that (1) "In violation of Penal Code Section 236, City Defendants and each of them, wrongfully and illegally arrested Plaintiff; (2) Defendants and each of them failed to act with reasonable case [sic] in their actions toward Plaintiff and were incompetent to investigate whether Plaintiff had a warrant for her arrest in the State of Texas; and (3) The negligence of Defendants City and LAPD in hiring and/or supervising and/or retraining Defendant DOE Officers was also a substantial factor in causing Plaintiff's harm." Plaint. Comp. ¶76, 77, and 79.

Plaintiff's first theory is not actionable because there was probable cause to arrest her. "In the context of an arrest, if probable cause exists, there can be no claim for negligence based on that arrest. In other words, the arrest itself is not actionably negligent so long as the officer had probable cause to make the arrest." *Collins v. County of San Diego,* 60 Cal. App.5th 1035, 1049 (2021). The existence of independent probable cause indicates that there are no facts to support a Plaintiff's claim that the officers' conduct amounted to negligence. *Scotti, v. City of Phoenix,* 606 Fed.Appx. 386, 389 (9th Cir. 2015). Summary judgment was appropriate for a negligence claim where there was probable cause to stop and arrest plaintiff. *Salazar,* 116 Cal.App. 4th at 947. Again, Plaintiff was lawfully arrested on a valid warrant that adequately described her. (DSUF No.3) Therefore, there was probable cause for her arrest and she cannot prevail on her

negligence claim.

Second, Plaintiff alleges that officers incompetently investigated her warrant in the State of Texas. This fails for two reasons: (1) Officers had no duty to investigate the validity of a warrant; and (2) negligent investigation is not a cognizable claim. *Lopez,* 20 Cal.App.3d at 8 and *Black v. City of Blythe,* 562 F.Supp.3d 820, 833 (C.D. Cal. 2022). Further, it is clear that this warrant was for Bethany Farber. (DSUF Nos. 3 and 11) Additionally, Marlon Moorer compared the identifying information and confirmed that Texas still wanted to extradite her. (DSUF Nos. 3 and 4)  As such, the negligence claim fails as a matter of law.

Third, there is no evidence that there was negligent hiring, supervising, or retraining of any officer who was involved in the underlying investigation. Therefore, there is no respondeat superior liability on the part of the City. To the extent Plaintiff alleges negligence based on this theory against the City directly, that claim fails. In order to do so, Plaintiff must allege the violation of a statute which she fails to do. (see *deVillers v. County of San Diego* (2007) 156 Cal.App.4th 238, 247.)

Finally, it is well-established in negligence cases that plaintiff establish causation by showing that but for the negligence, the harm would not have occurred. *Viner v. Sweet,* 30 Cal.4th 1232, 1241 (2003). Plaintiff's harm occurred because she was incorrectly identified as the subject of the warrant by officers in the State of Texas. (DSUF No. 13)  There is simply no evidence to support this claim. No City employee had a duty to supervise or otherwise manage officers in another state.

### C.    Intentional Infliction of Emotional Distress

Plaintiff claims that "Defendants and each of them wrongfully and unlawfully arrested Plaintiff in public at LAX, without confirming her identity. Defendants acted on an illegitimate warrant which was not for Plaintiff, as Plaintiff had never committed any crime." Plaint. Compl. ⁋71. "Defendants and each of them then held Plaintiff in jail for a total of thirteen (13) days. Plaint. Compl. ⁋72. Because Plaintiff "bases his claim on

14

conduct related to [his] arrest, [he] can only succeed by showing that Defendants acted with malice and without probable cause." *Cassette v. King County,* 625 F.Supp. 2d 1084, 1091 (W.D. Wash. 2008). If a Plaintiff's arrest was "valid and lawful, nothing can be considered 'outrageous' for purposes of IIED." *Cornel v. Hawaii,* 501 F.Supp.3d 927, 947 (Hawai'i 2020).

Even if Plaintiff's intentional infliction of emotional distress was cognizable against Defendants, to be successful on his claims for intentional infliction of emotional distress, Plaintiff must prove that: (1) Defendant acted with extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) they each suffered severe or extreme emotional distress; and (3) their severe emotional distress was actually and proximately caused by Defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal.4th 1035, 1050-51 (Cal. 2009); *Austin v. Terhune*, 367 F.3d 1167, 1172 (9th Cir. 2004). "[T]he defendant's conduct must be 'intended to inflict injury or engaged in with the realization that injury will result." *Hughes,* supra, 46 Cal.4th at 1050-51.  Outrageous conduct is that "which goes beyond all possible bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. *Gomon v. TRW, Inc.*, 28 Cal.App.4th 1161, 1172 (Cal. Ct. App. 1994).

Where an officer had probable cause to arrest a plaintiff, that officer, by definition, acted reasonably, and therefore, plaintiff's claims for intentional infliction of emotional distress had to be dismissed. *Dintino v. Echols,* 243 F.Supp.2d 255, 267-68 (E.D. Penn. 2003). A lawful arrest is a bar to a claim for intentional infliction of emotional distress. *Csoka v. County of Suffolk,* 85 F. Supp. 2d 117, 123 (E.D.N.Y. 2000). An arrest, even a false one, does not give rise to a claim for intentional infliction of emotional distress where the plaintiff's arrest is supported by probable cause. *Sholley v. Town of Holliston,* 49 F. Supp. 2d 14, 22 (Mass. 1999). Where an officer had probable cause for plaintiff's arrest, as a matter of law he cannot be held liable for intentional infliction of emotional distress. *Walsh v. Taylor,* 263 Mich. App. 618, 634 (1st Dist. Ct.

App. 2004).  Therefore, this claim fails as a matter of law.

### D.  Bane Act

A plaintiff who brings a *Bane* Act claim "must show (1) intentional interference or attempted interference with a state or federal or legal right, and (2) the interference or attempted interference was by threats, intimidation or coercion." *Allen v. City of Sacramento,* 234 Cal.App.4th 41, 67 (2015). "'The essence of a *Bane* Act claim is that the defendant, by the specified improper means (i.e., "threats, intimidation or coercion"), tried to or did prevent the plaintiff from doing something he or she had the right to do under the law or to force the plaintiff to do something that he or she was not required to do under the law.'" *Simmons v. Superior Court,* 7 Cal.App.5th 1113, 1125 (2016); accord, *Austin B. v. Escondido Union School Dist.*, 149 Cal.App.4th 860, 883 (2007). Absent any federal constitutional violation, or any claim of state constitutional violation, there is no basis for a claim of liability under the Bane Act. *See Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013). In *Cornell v. City & Cty. of San Francisco,* the California Court of Appeals held that when a plaintiff proves an unlawful arrest, his Bane Act claim is tested by whether the "arresting officer had a **specific intent** to violate the arrestee's right to freedom from unreasonable seizure." *Cornell*, 17 Cal.App.5th 766, 801-02 (2017)(emphasis added).

The California Supreme Court has explained that Section 52.1 "does not extend to all ordinary tort actions because its provisions are limited to threats, intimidation, or coercion that interfere with a constitutional or statutory right."  *Venegas v. County of Los Angeles*, 32 Cal.4th 820, 843 (2004); *see also Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947, 959 (Cal. Ct. App. 2012) ("the statute was intended only to address only egregious interferences with constitutional rights, not just any tort.") In *Shoyoye*, *supra*, the court held that "[t]he statute requires coercion independent from the coercion inherent in the wrongful detention itself." *Id*. at 962; *see also Allen v. City of Sacramento*, 234 Cal.App.4th 41 (Cal. Ct. App. 2015).

The Ninth Circuit expressly recognized *Cornell* in its opinion in *Reese v. County of Sacramento,* 888 F.3d 1030, 1043 (9th Cir. 2018), holding that while a plaintiff does not need to prove independent coercion, he or she does need to allege a defendant's specific intent to violate plaintiff's rights. *Id*. at 1044. In *Sandoval*, the Ninth Circuit reaffirmed its holding in *Reese*, stating that "proving a Bane Act claim here requires specific intent to violate protected rights." *Sandoval v. Cty. of Sonoma*, 912 F.3d 509, 520 (9th Cir. 2018); *see also Harris*, 736 F. App'x at 621("[T]he Bane Act's pleading requirements are satisfied when circumstances indicate the [offending individual] had a specific intent to violate the victim's right …") (internal quotations omitted). Given this jurisprudence, Plaintiff's *Bane* Act claim turns on whether he can prove that the officers had specific intent to violate his constitutional rights.

Here, Plaintiff has no evidence to support the contention that one or more of the Los Angeles police officers acted with a "specific intent" to violate his constitutional rights.  (DSUF Nos. 2-17).  Therefore, the Motion should be granted as to this claim.

### E.    State Law Immunity

California law provides immunity for this case. To the extent that employees would be immune from liability, cities are also immune. Cal. Gov. Code Sec. 815.2(b). The City is immune in this case under several Code Sections: (1) Cal. Gov. Code Sec. 847(b); (2) Cal. Civil Code Sec. 43.55(a); (3) Cal. Gov. Code Sec. 821.6; and (4) Cal. Code Civ. Proc. 262.1.

Two immunities are particularly applicable. First, an officer is not liable for an arrest pursuant to a warrant of arrest regular upon its face if the peace officer making the arrest acts without malice and in the reasonable belief that the person arrested is the one referred to in the warrant. Cal. Civil Code Sec. 43.55(a). Second, an officer is not liable for false arrest or false imprisonment arising out of any arrest that was lawful, or that the peace officer at the time of arrest, had reasonable cause to believe was lawful. Cal. Pen. Code Sec. 847(b). Therefore, the City is not liable for false arrest.

"A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment even if he acts maliciously and without probable cause." Cal. Gov. Code Sec. 821.6. Here, the City of Los Angeles is not liable for intentional infliction of emotional distress because it has immunity. "Immunity under Government Code section 821.6 is not limited to claims for malicious prosecution, but also extends to other causes of action arising from conduct protected under the statute, including defamation and intentional infliction of emotional distress." *Gillan v. City of San Marino*, 147 Cal.App.4th 1033, 1048 (2007), *citing Kayfetz v. State of Cal*.,156 Cal.App.3d 491, 496-98 (1984)  [defamation] and *Kemmerer v. County of Fresno*, 200 Cal.App.3d 1426, 1435-37 (1988) [intentional infliction of emotional distress]; *see also Amylou R. v. County of Riverside*, 28 Cal.App.4th 1205, 1208-14 (1994) [Gov't Code § 821.6 immunity bars intentional and negligent infliction of emotional distress claims against police officers]; *accord Crowe v. County of San Diego*, 303 F.Supp.2d 1050, 1119-20 (S.D. Cal. 2004); *Leon v. County of Riverside*, 64 Cal.App.5[th] 837 (2021) [negligence] *see also* 5 B. Witkin, supra, Torts, §§ 183, 368.

If a warrant appears valid to an ordinarily intelligent and informed layman and the issuing court has subject matter jurisdiction, an officer is ordinarily entitled to protection from civil suits for damages for false imprisonment. *Lopez,* 207 Cal.App.3d at 10 citing *Vallindras v. Massachusetts etc. Ins. Co.,* 42 Cal. 2d 149, 154 (1954). An officer is justified in the execution of, and <u>shall</u> execute all process orders regular on their face and issued by competent authority, whatever may be the defect in the proceedings upon which they were issued. Cal. Code Civ. Proc. §262.1 [emphasis added]. Therefore, the City is immune for the execution of the warrant.

In this case, the Plaintiff was the subject of the warrant.  The Gainsville, Texas police department incorrectly identified the Plaintiff in its case as the wanted person. (DSUF No. 13) There was no way for the LAXPD or LAPD officers to know that Texas wrongly identified Plaintiff.  The Texas warrant matched Plaintiff's California Driver's License exactly. (DSUF No. 3) Since the involved officers would be entitled to statutory

immunity for making an arrest on a warrant that was regular on its face, so too would the City of Los Angeles.  (Gov't. Code Section 815.2(b))

## XI.    CONCLUSION

Based on the foregoing, Defendants' Motion should be granted in its entirety or in the alternative, as this Court deems appropriate.

Dated: December 19, 2022          Respectfully submitted,

**HYDEE FELSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Senior Assistant City Attorney


By: */s/ Emily S. Cohen*
          **EMILY S. COHEN**, Deputy City Attorney

Attorneys for Defendant CITY OF LOS ANGELES