**HYDEE FELDSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney –SBN 184980
**CORY M. BRENTE,** Senior Assistant City Attorney – SBN 115453
**EMILY S. COHEN,** Deputy City Attorney – SBN 285709
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 645-9926
Fax No.:     (213) 978-8785
Email: emily.s.cohen@lacity.org

Attorneys for Defendant **CITY OF LOS ANGELES**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETHANY FARBER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF LOS ANGELES, a municipal entity; and DOES 1 through 100, inclusive,<br><br>Defendants. | CASE NO. CV22-01173-ODW-KS<br>*Hon. Otis D. Wright II, Ctrm. 5D, 5th Fl.*<br>*Mag. Karen L. Stevenson, Ctrm. 580, 5th Fl.*<br><br>**DEFENDANT CITY OF LOS ANGELES' STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSION OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>[Filed Concurrently Motion for Summary Judgment; Supporting Declaration of Emily S. Cohen and Exhibits; Request For Judicial Notice; and [Proposed] Order]<br><br>Date: January 23, 2023<br>Time: 1:30 p.m.<br>Courtroom: 5D |

**TO THE HONORABLE COURT, PLAINTIFF AND HER COUNSEL:**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56-1, Defendant City of Los Angeles ("Defendant") submits the following Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary

1

Judgment.

## UNCONTROVERTED MATERIAL FACTS

| | Statement of Uncontroverted Facts | Defendants' Evidence |
|---|---|---|
| 1. | Plaintiff filed her complaint for damages on February 25, 2022, which includes the following claims: (1) Unlawful Seizure, 42 U.S.C. § 1983 4th and 14th Amendment; (2) Entity Liability (*Monell* Claim); (3) Unlawful Arrest, 42 U.S.C. § 1983 4th Amendment; (4) False Arrest/False Imprisonment in violation of Pen. Code § 236; (5) Violation of Bane Act, Cal. Civil Code § 52.1; (6) Intentional Infliction of Emotional Distress; (7) Negligence (in violation of Pen. Code Sec. § 236); and (8) Cruel and Unusual Punishment, 42 U.S.C. § 1983 8th Amendment. (Doc. 12) | Plaintiff's Complaint for Damages, attached to the Declaration of Emily Cohen ("Cohen Declaration") as Exhibit A. |
| 2. | On April 16, 2021, Plaintiff Bethany Farber was arrested by two LAXPD officers, Officer Avetyan and Officer Aminian, after they were notified by Customs and Border Patrol, Agent Arias, that Plaintiff had an out of state warrant from Texas and she was attempting to fly to Mexico. | Deposition Transcript of Officer Artur Avetyan ("Avetyan Transcript" Exhibit 1, page 6 lines 18-25); and Deposition Transcript of Bethany Farber ("Farber Transcript") Exhibit 2, page 8 lines 2-7, attached to the Cohen Declaration as Exhibits 1 and 2. |

| | **Statement of Uncontroverted Facts** | **Defendants' Evidence** |
|---|---|---|
| 3. | The no-bail warrant Plaintiff was arrested on matched her driver's license number, first name, middle name, last name, date of birth, sex, race, height, weight, hair color, eye color, and address exactly. There are no differences between the warrant and her driver's license. | Farber's driver's license, as Exhibit 3 to the Cohen Declaration; Farber's DMV printout attached as Exhibit 4 to the Cohen Declaration; and CLETS warrant, attached as Exhibit 5 to the Cohen Declaration; Grand Jury Indictment, as Exhibit 6 to the Cohen Declaration Teletype Warrant, as Exhibit 7 to the Cohen Declaration Also attached to the Declaration of Marlon Moorer ("Moorer Declaration") ¶ 19, 20, 28, 29, |
| 4. | Los Angeles Airport Police ("LAXPD") Officers Avetyan and Aminian received booking advice from Marlon Moorer, who confirmed Plaintiff's driver's license descriptors matched the warrant, that Texas was seeking a full extradition, and that Texas still wanted to extradite Plaintiff. | Moorer Declaration ¶ 21, 22, 24, 26, and 27. Teletype copies of extradition confirmation, as Exhibit 8, attached to Cohen Declaration. |
| 5. | After her arrest, Plaintiff was processed at LAPD's Pacific Division on April 16, 2021 11:33am by Officer Kim Baxter which included live scanning and taking a booking photo. | Declaration of Kim Baxter ("Baxter Declaration") at ¶ 9, 10, and 11; Los Angeles County Booking and Property Records, as Exhibit 9 to the Cohen Declaration |

| | Statement of Uncontroverted Facts | Defendants' Evidence |
|---|---|---|
| | | Plaintiff's Fingerprint Card, as Exhibit 10 to the Cohen Declaration; and Plaintiff's Booking Photograph, as Exhibit 11 to the Cohen Declaration |
| 6. | When Texas issued the warrant, they did not attach fingerprints or a booking photo for comparison. | Gainsville Police Department Emails ("Emails"), as Exhibit 12 to the Cohen Declaration; Moorer Declaration at ¶ 33. |
| 7. | Deputy District Attorney Jennifer Snyder filed a felony complaint against Plaintiff alleging a violation of California Pen. Code Section 1551.1 on April 20, 2021 in case no. BA494902. | Felony Complaint, as Exhibit 14, attached to Defendant's Request for Judicial Notice and Cohen Declaration. |
| 8. | On April 20, 2021, Plaintiff was represented by counsel at her extradition proceeding and the court scheduled a probable cause/identification hearing for April 30, 2021. | Minute Order dated April 20, 2021, as Exhibit 15; and Reporter's Transcript from April 20, 2021, as Exhibit 16, attached to Defendant's Request for Judicial Notice and Cohen Declaration |
| 9. | On April 21, 2021, LAPD began requesting additional information for the identification hearing. | Emails, exchanged or sent by Randy Jones, Jr. of the Gainsville Police Department, attached as Exhibit 12 to Cohen Declaration. Moorer Declaration at ¶ 30 and 32. |
| 10. | On April 22, 2021, LAPD received an email containing a police report and what appears | Emails, exchanged or sent by Randy Jones, Jr. of the Gainsville Police |

4

| | **Statement of Uncontroverted Facts** | **Defendants' Evidence** |
|---|---|---|
| | to be three still shots from videos. | Department, attached as Exhibit 12 to Cohen Declaration. Moorer Declaration at ₱ 30, 31, and 32. |
| 11. | On 1:39pm of April 27, 2021, LAPD received a facsimile of an order from a Texas Court that indicated "After further investigation, it has been determined that the individual originally identified is the incorrect Bethany Farber. Bethany Kaley Farber (DOB: 8/22/1991) is not connected to this offense and it is in the interest of justice that this case be dismissed." | Facsimile, dated April 27, 2021, attached as Exhibit 17 to the Cohen Declaration and see Moorer Declaration ₱ 37. |
| 12. | LAPD took that fax to court April 28, 2021 at 8:30 a.m. to have case BA494902 dismissed and Plaintiff was ordered to be released. | Moorer Declaration ₱ 38; and Minute Order, attached to Defendant's Request for Judicial Notice as Exhibit 15 and Cohen Declaration. |
| 13. | Officers Greer and Strickland of the Gainsville Police Department incorrectly identified Plaintiff as the person wanted for the underlying crime. | Emails, as Exhibit 12; and Police Report, as Exhibit 13, Facsimile as Exhibit 17 attached to the Cohen Declaration. Moorer Declaration ₱ 31, 32, 35, and 37 |
| 14. | In March 1996, Marlon Moorer, graduated from the LAPD's Police Academy which is certified by the California Commission on | Moorer Declaration ₱ 5 and 7. |

5

| Statement of Uncontroverted Facts | Defendants' Evidence |
|---|---|
| Peace Officer Standards and Training (or "P.O.S.T."). | |
| 15. On April 16, 2021, Marlon Moorer was a LAPD Police Officer II and had been previously trained to comply with the Fourth Amendment, as well as the Fourteenth Amendment in connection with his duties as a LAPD Officer, including making arrests. | Moorer Declaration ₱ 6, 11, and 23. |
| 16. Marlon Moorer has worked the rendition desk since 2011 and has given booking advice on thousands of cases. | Moorer Declaration ₱ 13 and 14. |
| 17. On April 16, 2021, LAPD had several policies and procedures in place that were available to the entire department regarding arrests and bookings on out of state felony warrants. | Fugitive Booking, as Exhibit 18; Fugitive Warrant Booking, as Exhibit 19; 1551.1 PC Fugitive Arrests, as Exhibit 20; and Due Diligence Requirement as Exhibit 21 attached to the Cohen Declaration and the Moorer Declaration as ₱ 15, and 39-42. |

## CONCLUSIONS OF LAW

1. Plaintiff cannot establish liability under the Fourth Amendment because officers arrested her pursuant to a valid warrant that accurately described her and therefore, there was probable cause. Lopez v. City of Oxnard, 20 Cal.App.3d 1, 7 (Ct.App. 1989).

2. Plaintiff cannot establish liability under the Fourteenth Amendment because

(1) the circumstances did not indicate to the defendant that further investigation was warranted; and (2) Defendant did not deny Plaintiff access to the courts. Rivera v. County of Los Angeles, 745 F.3d 384, 390-91 (9th Cir. 2014).

3.  Plaintiff cannot establish a failure to train claim under Monell because Plaintiff cannot show deliberate indifference to the rights of persons that LAPD comes in contact with. Canton v. Harris, 489 U.S. 378, 388 (1989). Further, Plaintiff cannot establish a constitutional violation to support her Monell claim. City of Los Angeles, v. Heller, 475 U.S. 796 (1986). There is no evidence of failure to train. Connick v. Thompson, 563 U.S. 51 (2011)

4.  Probable cause bars Plaintiff's claim for false arrest. Additionally, the City has immunity pursuant to Cal. Gov. Code Sec. 815.2(b), 847(b), 821.6 and Cal. Civil Code Sec. 43.55(a) and 262.1. Beauregard v. Wingard, 362 F.2d 901, 903 (9th Cir. 1966) (probable cause is a complete defense to false arrest).

5.  Probable cause is a bar to Plaintiffs claim for negligence because she cannot establish a duty. Collins v. County of San Diego, 60 Cal. App. 5th 1035, 1049 (2021). Plaintiff cannot establish that the City was the "but-for" cause for her arrest. Finally the City is immune pursuant to Cal. Gov. Code Sec. 821.6. Leon v. County of Riverside, 64 Cal.App.5th 837 (2021)

6.  Plaintiff cannot succeed on her intentional infliction of emotional distress claim because there was probable cause to arrest her. Cornel v. Hawaii, 501 F.Supp.3d 927, 947 (Hawai'i 2020). Further, the City is immune pursuant to Cal. Gov. Code Sec. 821.6 Amylou R. v. County of Riverside, 28 Cal.App.4th 1205, 1208-14 (1994); and Cassette v. King County, 625 F.Supp.2d 1084, 1091 (W.D. Wash. 2008) (an intentional infliction of emotional distress claim can only succeed by showing defendants acted with malice and without probable cause).

7.  Plaintiff cannot succeed on her Bane Act claim because she cannot show a specific intent to violate Plaintiff's rights and there is no underlying constitutional violation. Cameron v. Craig, 713 F.3d 1012, 1022 (9th Cir. 2013) (absent any federal

constitutional violation or any claim of state constitution violation, there is no liability under the Bane Act); and Reese v. County of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018) (Plaintiff must show defendant's specific intent to violate plaintiff's rights).

Dated: December 19, 2022

**HYDEE FELDSTEIN SOTO,** City Attorney
**SCOTT MARCUS**, Chief Assistant City Attorney
**CORY M. BRENTE,** Senior Assistant City Attorney

By: _____/s/ *Emily S. Cohen*_____
**EMILY S. COHEN**, Deputy City Attorney
Attorneys for Defendant CITY OF LOS ANGELES