**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 6 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BETHANY FARBER,<br><br>　　　　　Plaintiff-Appellant,<br><br>　v.<br><br>CITY OF LOS ANGELES, a municipal entity; DOES, 1 through 100, inclusive,<br><br>　　　　　Defendants-Appellees. | No.　23-55541<br><br>D.C. No.<br>2:22-cv-01173-ODW-KS<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted June 12, 2024**
Pasadena, California

Before: W. FLETCHER, CHRISTEN, and VANDYKE, Circuit Judges.

　　A Texas grand jury mistakenly indicted Plaintiff-Appellant Bethany Kaley Farber for an act of vandalism committed by Bethany Gill Farber. A Texas court issued a no-bail warrant for Bethany Kaley Farber's arrest. The warrant and

---

　　*　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　**　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

associated criminal database information identified Bethany Kaley Farber by her full name, date of birth, address, driver's license number, and physical descriptors.

Bethany Kaley Farber was arrested in Los Angeles and booked as a fugitive on the Texas warrant. She spent twelve days in jail before the Texas court informed the Los Angeles County Superior Court she had been incorrectly identified as a suspect. She was released later that day.

Farber sued the City of Los Angeles and one hundred anonymous defendants[1] for damages under 42 U.S.C. § 1983 and various state-law causes of action. The district court granted summary judgment to the City on all of Farber's claims. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's grant of summary judgment de novo. *Sharp v. Cnty. of Orange*, 871 F.3d 901, 909 (9th Cir. 2017). We evaluate the evidence in the light most favorable to Farber, the non-moving party. *Id.* "We may affirm on any ground supported by the record even if it differs from the rationale of the district court." *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996).

Farber's § 1983 claims fail because she has not shown that a policy, custom, or practice of the City caused her injury, *see Monell v. Dep't of Soc. Servs. of City*

---

[1] Farber stated that she "makes no argument seeking to hold individual employees and officers liable and this Court need not rule on that issue." Accordingly, we address only her claims against the City.

*of New York*, 436 U.S. 658, 694 (1978), or that the City was deliberately indifferent to her constitutional rights, *see City of Canton, Ohio v. Harris,* 489 U.S. 378, 390 (1989). Farber argues the City has a de facto policy of allowing non-supervisory officers to provide booking advice in violation of the written policy of the Los Angeles Police Department (LAPD). But no reasonable jury could find that the non-supervisory rank of the officer who advised on Farber's booking was the "actionable cause" of her arrest and detention. *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1143 (9th Cir. 2012) (quoting *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008)). Instead, the undisputed evidence shows Farber was arrested and detained because she was mistakenly indicted in Texas.

Farber has not introduced evidence to show that the risk of arresting and detaining someone who was mistakenly indicted "was so 'obvious'" to the City "that ignoring it amounted to deliberate indifference." *Id.* at 1145. "[T]here is no indication that this problem has ever arisen other than in the case of [Farber] herself," and "it is far from obvious that" allowing a non-supervisory officer to provide booking advice "would necessarily give rise to this situation." *Id.* Farber's other theories of municipal liability are waived because she raised them for the first time in her reply brief. *See Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010). Even if raised properly, we would reject them as without merit.

Farber's § 1983 claims also fail because she has not shown an underlying constitutional violation. Her arrest did not violate the Fourth Amendment because the arresting officers "had a good faith, reasonable belief that [Farber] was the subject of the warrant." *Rivera v. Cnty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). The Texas court issued the warrant for Farber, and her identifying information and physical descriptors matched the warrant exactly. Farber's protestations of innocence, without more, did not make the officers' beliefs unreasonable. *See id.*

Farber's detention did not violate the Fourteenth Amendment for the same reasons. *See id.* at 391 (explaining that "[t]he same considerations that made the arrest reasonable bear on whether the circumstances of the detention should have warned the [defendants] that [the plaintiff] might not be the true subject of the warrant"). The Superior Court had already ordered Farber detained when the LAPD received pictures from Texas that might have called the correctness of the indictment into question. *See id.* at 392 ("If a suspect is held according to court order, county officials are not required to investigate whether that court order is proper."). Farber was not denied access to the courts because she was timely brought before the Superior Court and was able to request an identification hearing

four days after her arrest. *See id.* at 391 ("[T]he 'denied access' cases have involved significant periods of deprivation.").

The district court did not err in holding that the City was immune from liability under California law. The arresting officers reasonably believed Farber was the subject of a valid warrant, and the officers who jailed her were "entitled to rely on process and orders apparently valid on their face." *Id.* at 393 (quoting *Lopez v. City of Oxnard*, 207 Cal. App. 3d 1, 9 (1989)).

**AFFIRMED.**